## UNITED STATES v. AUHAGEN.
### Cr. No. 67380.

District Court of the United States for the District of Columbia.

July 3, 1941.

George McNulty and Cecil R. Heflin, Asst. U. S. Atty., both of Washington, D. C., for Government.

Alfred S. Holmes, of New York City, for defendant.

LETTS, Justice.

By his motion the defendant asks the court to issue Letters Rogatory addressed "To the Appropriate Judicial Authority, Berlin, Germany," for the purpose of taking on behalf of the defendant the deposition of G. Kurt Johannsen, a German National residing at Hamburg, Germany, propounding to said G. Kurt Johannsen certain written interrogatories.

The motion is addressed to the discretion of the court and the request has been denied by the court. It seems appropriate that the court should place this memorandum in the file of the case to indicate the considerations which entered into the exercise of the court's discretion in overruling the defendant's motion.

The defendant is under indictment charged with a violation of the so-called McCormack Act, Act of June 8, 1938, c. 327, 52 Stat. 631, 22 U.S.C.A. § 233a et seq., which requires the agent of a foreign principal who undertakes to disseminate foreign political propaganda in the United States to register as such agent of a foreign principal with the Secretary of State. The defendant is charged with willfully failing so to register with the Secretary of State. The person, G. Kurt Johannsen, whose deposition is desired by the defendant is named in the indictment as the foreign principal for whom the defendant was an agent within the meaning of the McCormack Act, the said G. Kurt Johannsen being a German National residing in Berlin, Germany.

In overruling the defendant's motion the court was mindful of the Congressional purpose sought to be accomplished by the McCormack Act. The dissemination of foreign political propaganda is not prohibited by statute and Congress did not intend to deprive citizens of the United States of political information even if such information be the propaganda of a foreign Government or foreign principal. Congress did intend to bring the activities of persons engaged in disseminating foreign political propaganda in this country out into the open and to make known to the Government and the American people the identity of any person who is engaged in such activities, the source of the propaganda and who is bearing the expense of its dissemination in the United States.

The court deems that its discretion should be exercised in the light of such Congressional purpose and in the view of existing world conditions and particularly the known relations now existing between the United States and the German Government. On the day preceding the denial of defendant's motion by the court the German Government had ordered the ejection of all consuls of the United States, from all German controlled countries. This action by the German Government was with knowledge that the Government of the United States had a few days prior thereto demanded that all German consulates in this country be closed and their staffs withdrawn from the United States by the 15th day of July. Whether such action on the part of the German Government was retaliatory of the previous action of the Government of the United States need not be discussed.

The court was informed at the hearing of the manner in which depositions may be taken in foreign countries. It was learned from the office of the Secretary of State that diplomatic channels are still open and that technically it is possible to take a deposition in Germany but that to do so would require from three to six months' time. This defendant had been admitted to bail and will be at liberty until he is brought to trial. It is the view of the court that if this defendant has violated the McCormack Act this Government and the people of the United States are entitled to have him speedily brought to the bar of justice and so be assured that no future activities on his part as the agent of a foreign principal in the dissemination of foreign political propaganda shall harm our Government or our people.

In the usual criminal case the court would be disposed to afford the accused every reasonable opportunity to make his defense. This case has an unusual aspect; the offense is political, the times are polit-

ically troublesome. The difficulties involved in taking the deposition are very great if not insurmountable. If the defendant is guilty, he has been aided and abetted in the commission of the crime by the German National whose evidence is sought to be had by deposition. If such deposition be taken, this Government has no opportunity of cross-examination. To permit the taking of this deposition and so frustrate the Government in its effort to speedily establish the guilt of the defendant would be to prefer the defendant in his efforts to establish his innocence over the efforts of the Government to prove his guilt, and so maintain the dignity of the Government of the United States and the public policy announced by the McCormack Act. Being political in its nature the case does not admit of such preference. The political rights of the people of the United States may not be made secondary to the rights of an alien in our midst who is accused of activities subversive to our democratic form of government.

An examination of the record will show that defendant's motion for the issuance of Letters Rogatory was filed on the eve of the trial date which had been previously agreed to by counsel for the defendant. The court thinks it comes too late.